IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TAQUIYYA WADLEY, )
)
        Plaintiff, )
)
v. ) Civil Action No. 08-99J
)
MICHAEL J. ASTRUE, )
COMMISSIONER OF )
SOCIAL SECURITY, )
)
        Defendant. )

### MEMORANDUM JUDGMENT ORDER

AND NOW, this 3rd day of May, 2010, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for supplemental security income under Title XVI of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 12) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 10) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry

differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed her pending application for supplemental security income on June 1, 2006, alleging a disability onset date of November 25, 1998, due to various mental impairments, including depression, panic attacks and learning disabilities. Plaintiff's application was denied initially. At plaintiff's request an ALJ held a hearing on October 18, 2007, at which plaintiff, represented by counsel, appeared and testified. On December 20, 2007, the ALJ issued a decision finding that plaintiff is not disabled. On February 28, 2008, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 20 years old at the time of the ALJ's decision and is classified as a younger person under the regulations. 20 C.F.R. §416.963(c). She has a tenth grade education which is classified as limited. 20 C.F.R. §416.964(b)(3). She has no past relevant work experience and has not engaged in any substantial gainful activity since the date her application was filed.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes

that plaintiff suffers from the severe impairments of depression, anxiety with panic disorder, learning disabilities and obsessive compulsive disorder, those impairments, alone or in combination, do not meet or equal the criteria of any of the impairments listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that plaintiff retains the residual functional capacity for work at the medium exertional level but with certain restrictions recognizing the limiting effects of her various mental impairments. (R. 18). Taking into account these limiting effects, a vocational expert identified numerous categories of jobs which plaintiff could perform based upon her age, education, work experience and residual functional capacity, including kitchen helper, hand packager and warehouse worker. Relying on the vocational expert's testimony, the ALJ found that plaintiff is capable of making an adjustment to work which exists in significant numbers in the national economy. Accordingly, the ALJ concluded that plaintiff is not disabled.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §1382c(a)(3)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability.[1] 20 C.F.R. §416.920. If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

Here, plaintiff raises a number of challenges to the ALJ's findings: (1) the ALJ failed to consider all of plaintiff's medical conditions, both severe and non-severe, in combination in determining her residual functional capacity; (2) the ALJ improperly evaluated the medical evidence from plaintiff's treating psychiatrist and physician; (3) the ALJ erred at step 3 by finding that plaintiff's mental impairment does not meet the criteria of Listing 12.04 of the listed impairments set forth in the regulations. Upon a review of the record, the court finds that all of the ALJ's findings and conclusions are supported by substantial evidence.

---

[1] The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past-relevant work; and, (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of her age, education, work experience, and residual functional capacity. 20 C.F.R. §416.920; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). In addition, when there is evidence of a mental impairment that allegedly prevents a claimant from working, the Commissioner must follow the procedure for evaluating mental impairments set forth in the regulations. Plummer, 186 F.2d at 432; 20 C.F.R. §416.920a.

Plaintiff first argues that the ALJ failed to consider all of plaintiff's diagnosed medical conditions and to make a determination as to whether those conditions are severe or not severe. Specifically, plaintiff contends that the ALJ failed to consider diagnoses of migraine headaches, schizoaffective disorder and paranoia rendered by her psychologist, Dr. Cassone, and her physician, Dr. Mazid. This argument is belied by the record.

First, the ALJ acknowledged Dr. Mazid's diagnosis of migraine headaches, but expressly found that this condition is not a severe impairment under the regulations because plaintiff's headaches do not have more than a *de minimis* effect on her ability to perform basic work activities. (R. 17). The ALJ explained the rationale for this finding in her decision and that finding is supported by substantial evidence.

Moreover, although Dr. Cassone diagnosed plaintiff with schizoaffective disorder and paranoia in a March 2007 report, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). Accordingly, a mere diagnosis is insufficient to support a finding of disability. Here, the ALJ considered Dr. Cassone's report along with all other evidence relating to plaintiff's mental conditions and impairments and, to the extent those impairments impact plaintiff's ability to work, the ALJ accommodated them in her residual functional capacity finding. (R. 18-21).

Next, to the extent plaintiff argues that the ALJ failed to consider the combined effects of all of plaintiff's medical conditions, both severe and non-severe, in assessing plaintiff's residual functional capacity, the record also fails to support that position. The ALJ specifically noted in her decision that she considered all of plaintiff's impairments in combination and her residual functional capacity finding, which incorporates limitations arising from <u>all</u> of plaintiff's impairments, demonstrates that she did just that. (R. 18). The court is satisfied that the ALJ took into consideration all of the medically supportable limitations arising from all of plaintiff's impairments, both severe and not severe, in combination, and that the ALJ's assessment is supported by substantial evidence.

Plaintiff also argues that the ALJ failed to perform a function-by-function assessment of plaintiff's ability to perform work-related activities as required by SSR 96-8p. The court has reviewed the ALJ's decision and is satisfied that it complies with the dictates of SSR 96-8p. The ALJ identified plaintiff's functional limitations and restrictions and then assessed her work-related abilities as to the functions affected by those restrictions, including those set forth in 20 C.F.R. §416.945(b), (c) and (d). The ALJ then incorporated into her residual functional capacity finding all of the restrictions on plaintiff's functional abilities supported by the record. (R. 18). The ALJ's residual functional capacity assessment satisfies the requirements of SSR 96-8p and otherwise is supported by substantial evidence.

Plaintiff next argues that the ALJ improperly evaluated the medical evidence. Specifically, plaintiff contends that the ALJ erroneously failed to consider or give controlling weight to the findings and opinions of her treating psychiatrist, Dr. Cassone, and treating physician, Dr. Mazid, but instead relied on the report of the state agency reviewing physician to support her residual functional capacity finding and ultimate finding of not disabled. After reviewing the record, the court is satisfied that the ALJ's evaluation of the medical evidence is supported by substantial evidence.

Under the Social Security Regulations and the law of this circuit, opinions of treating physicians are entitled to substantial, and at times even controlling, weight. 20 C.F.R. §416.927(d)(2); Fargnoli, 247 F.3d at 33. Where a treating physician's opinion on the nature and severity of an impairment is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record, it will be given controlling weight. Id. When a treating source's opinion is not entitled to controlling weight, it is evaluated and weighed under the same standards applied to all other medical opinions, taking into account numerous factors including the opinion's supportability, consistency and specialization. 20 C.F.R. §416.927(d). In addition, the opinion of a physician, treating or otherwise, on the ultimate determination of disability never is entitled to special significance. 20 C.F.R. §416.927(e); SSR 96-5p.

Here, the ALJ adhered to the foregoing standards in evaluating the medical evidence and the court finds no error in the ALJ's conclusions. First, as to Dr. Cassone's report from March 2007, in which he assigned plaintiff a GAF score of 30-35, the ALJ expressly addressed that report in her decision and explained why Dr. Cassone's report was not entitled to great weight. (R. 19-20). The ALJ noted that Dr. Cassone's report appeared to be based on the subjective complaints of the plaintiff and was inconsistent with the totality of the medical evidence. The ALJ further noted that Dr. Cassone only examined plaintiff on one occasion in 2007, and that Dr. Cassone noted in his report that plaintiff had not followed through on his treatment recommendations when she had seen him on one prior occasion in 2004. (R. 19-20.)

To the extent plaintiff suggests that the GAF score of 30-35 assigned by Dr. Cassone supports a finding of disabling mental limitations, the use of the GAF scale[2] is not endorsed by the Social Security Administration because its scores do not have a direct correlation to the disability requirements and standards of the Act. See 65 Fed.Reg. 50746, 50764-65 (2000). Instead, the ALJ is to consider the clinical findings contained in the narrative reports of medical sources, and is to weigh that

---

[2] The GAF score considers psychological, social and occupational functioning on a hypothetical continuum of mental health. See American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders (DSM-IV) (4th ed. 1994). A score below 50 indicates serious impairment in functioning.

evidence under the standards set forth in the regulations for evaluating medical opinion evidence, taking into account numerous factors including the opinion's supportability, consistency and specialization. 20 C.F.R. §416.927(d). The ALJ did so here and the court is satisfied that the ALJ properly evaluated plaintiff's mental health impairments and their impact on her ability to perform sustained work activity. (R. 18-21).

Plaintiff also asserts that the ALJ failed to accord appropriate weight to the records of Dr. Mazid, her primary care physician, but fails to point to anything at all in those records which might support a finding of disability. To the contrary, Dr. Mazid also notes in a July of 2007 report that he had prescribed Zoloft for plaintiff's panic disorder but that she never used it. (R. 263-67). In addition, upon examination, plaintiff's depression, migraine headaches, panic attacks and asthma all were described as stable. (Id.)

Plaintiff's contention that the ALJ erred in rejecting Dr. Cassone's assessment solely in favor of the opinion of the state agency reviewing physician[3] likewise is unpersuasive. It is clear from the record that the ALJ did not blindly accept the opinion of the state agency reviewers in assessing plaintiff's residual

---

[3] Pursuant to the Regulations, state agency medical consultants are "highly qualified physicians ... who are also experts in Social Security disability evaluation." 20 C.F.R. §416.927(f)(2)(i). Accordingly, while not bound by findings made by reviewing physicians, the ALJ is to consider those findings as opinion evidence, and is to evaluate them under the same standards as all other medical opinion evidence. 20 C.F.R. §416.927(f)(2)(ii); SSR 96-6p.

- 9 -

functional capacity, but considered that opinion in conjunction with the other medical evidence of record as well as plaintiff's activities of daily living. To the extent the opinion of the state agency reviewer was supported by the other evidence in the record, that opinion properly was accorded some weight by the ALJ. (Id.)

Based upon her review of the entire record, the ALJ concluded that plaintiff's mental impairments, while severe, do not preclude her from performing any substantial gainful activity. The ALJ did a thorough job in setting forth the relevant medical evidence and explaining why she rejected or discounted any evidence. (R. 19-21). The court has reviewed the ALJ's decision and the record as a whole and is convinced that the ALJ's evaluation of the medical evidence is supported by substantial evidence.

Finally, defendant argues that the ALJ erroneously found that her mental impairments do not meet the Listing at 12.04 of the listed impairments. The court is satisfied that the ALJ's step 3 finding also is supported by substantial evidence.

At step 3, the ALJ must determine whether the claimant's impairment matches, or is equivalent to, one of the listed impairments. Burnett v. Commissioner of Social Security Administration, 220 F.3d 112, 119 (3d Cir. 2000). The listings describe impairments that prevent an adult, regardless of age, education, or work experience, from performing any gainful activity. Knepp v. Apfel, 204 F.3d 78, 85 (3d Cir. 2000); 20 C.F.R. §416.920(d). "If the impairment is equivalent to a listed

impairment then [the claimant] is per se disabled and no further analysis is necessary." Burnett, 220 F.3d at 119.

Here, as required, the ALJ identified the relevant listed impairments that compare with plaintiff's mental impairments (Listings 12.02, 12.04 and 12.06) and adequately explained why plaintiff's impairments do not meet or equal the severity of any of those listed impairments. (R. 18-21); see Burnett, 220 F.3d at 120, n.2. In particular, the ALJ found that plaintiff failed to meet either the "B" or the "C" criteria of any of those listings and adequately explained the basis for that finding in her decision. (Id.). As the required level of severity is met only when the requirements in both A and B of the listings are satisfied, or when the "C" criteria of those listings are met, the ALJ correctly concluded that plaintiff does not meet any of those listings. The ALJ's findings are supported by substantial evidence as outlined in the ALJ's decision. (R. 18-21).

Moreover, plaintiff has failed to meet her burden of presenting any medical findings to either the ALJ or to this court showing that her impairments meet or equal any listed impairment. See Williams v. Sullivan, 970 F.2d 1178, 1186 (3d Cir. 1992). Instead, plaintiff summarily states that the ALJ erred in finding that she failed to meet a listing without pointing to any evidence in the record that would support such a finding. In fact, the medical evidence of record does not support a finding that plaintiff meets or equals Listing 12.04. Accordingly, the court finds plaintiff's last argument to be without merit.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

*/s/ Gustave Diamond*
Gustave Diamond
United States District Judge

cc: John D. Gibson, Esq.
    131 Market Street
    Suite 200
    Johnstown, PA 15901

    Stephanie L. Haines
    Assistant U.S. Attorney
    319 Washington Street
    Room 224, Penn Traffic Building
    Johnstown, PA 15901